UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LATASHA O'DELL,

Plaintiff,

v.

DONA ZAVISLAN, et al.,

Defendants.

CASE NO. 3:18-CV-05088-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 29, 2019

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff Latasha O'Dell alleges that defendants treated her with deliberate indifference when she was assaulted by a fellow prisoner. However, the only grievances she filed addressing the allegations against the defendants were not filed in accordance with administrative rules, and she did not appeal any of the determinations rejecting her grievances as untimely. Thus, plaintiff has failed to properly exhaust her administrative remedies before bringing this action in federal

1  court. Therefore, the Court recommends that defendants' motion for summary judgment (Dkt.

2  33) be granted and plaintiff's action be dismissed.

3                                    **BACKGROUND**

4          Plaintiff initially filed this action in December of 2017. Dkt. 1. She alleges that she was

5  assaulted by a fellow prisoner and defendants failed to intervene and protect her from injury.

6  Dkt. 14. She also alleges that, after the assault, she was not provided with adequate medical care

7  and that an investigation into the incident was inadequate. *Id*. Specifically, she alleges that there

8  was only one report submitted by one officer, despite the fact that at least four officers were

9  witnesses to the assault. *Id*. She requests $285,000 in damages, as well as the cost of future

10  medical care associated with the injuries she sustained in the assault. *Id*.

11          In January of 2019, defendants filed their motion for summary judgment. Dkt. 33.

12  Defendants first argue that plaintiff failed to properly exhaust her administrative remedies before

13  she filed this lawsuit. *Id*. They also argue that plaintiff has not adequately supported her

14  allegations under the Eighth Amendment as to defendants' response to the assault, and has failed

15  to show how plaintiff received inadequate medical care after the assault. *Id*. They also argue that

16  the Department of Corrections ("DOC") and the Washington Corrections Center for Women

17  ("WCCW") should be dismissed as a matter of law, and that defendants are entitled to qualified

18  immunity. *Id*.

19          Defendants included with their motion for summary judgment a notice to plaintiff

20  informing her she must respond to the motion or her case may be dismissed. Dkt. 40. However,

21  the motion for summary judgment and notice to plaintiff were both returned to the Clerk as

22  undeliverable. Dkt. 41. The Clerk received notification that plaintiff had been released into

23  community custody. *Id*. The Clerk then updated plaintiff's address and re-mailed copies of the

24

REPORT AND RECOMMENDATION - 2

1  motion for summary judgment, the notice to plaintiff regarding her response to the motion, and

2  the accompanying declarations to plaintiff. Dkt. event at 1/15/2019. Plaintiff has not submitted a

3  response to defendants' motion for summary judgment. *See* Dkt.

4  **STANDARD OF REVIEW**

5       The purpose of summary judgment is to avoid unnecessary trials when there is no dispute

6  over the material facts before the court and the moving party is entitled to judgment as a matter

7  of law. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir. 1975), *overruled on other grounds*

8  *by Hollinger v. Titan Capital Corp.*, 914 F.2d 1564 (9th Cir. 1990). The moving party is entitled

9  to summary judgment if the evidence produced by the parties permits only one conclusion.

10 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  To determine if summary judgment

11 is appropriate, the court must consider whether particular facts are material and whether there is

12 a genuine dispute as to the material facts left to be resolved.  Fed. R. Civ. P. 56(c).  Factual

13 disputes that do not affect the outcome of the suit under the governing law will not be

14 considered. *Id.* Where there is a complete failure of proof concerning an essential element of the

15 non-moving party's case on which the nonmoving party has the burden of proof, all other facts

16 are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*

17 *Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the

18 evidence presented through the prism of the substantive evidentiary burden"). However, when

19 presented with a motion for summary judgment, the court shall review the pleadings and

20 evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation

21 omitted), and "a pro se complaint will be liberally construed  .  .  .  ." *Pena v. Gardner,* 976 F.2d

22 469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation

23 omitted).

24

If a party fails to file a response to a motion for summary judgment, the Court does not take that as an admission that the motion has merit. LCR 7(b)(2). However, the Court may consider the facts produced by the moving party as "undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

## DISCUSSION

### I.    Exhaustion of Administrative Remedies

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, she must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by the PLRA is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before she can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. "[A] prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was

an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about her particular claim which made the "existing and generally available administrative remedies effectively unavailable to [her]." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Initially, in the Ninth Circuit, a prisoner must be provided notice accompanying a motion for summary judgment, providing the prisoner fair warning that she must submit evidence beyond merely her complaint in support of her claims in order to avoid summary judgment. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998); *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). Here, despite being placed on notice by defendants that plaintiff was required to provide evidence beyond merely her complaint, *see* Dkt. 40, plaintiff failed to provide any evidence in support of her claims. As such, the Court takes the evidence provided by defendants as undisputed for purposes of this motion. Fed. R. Civ. P. 56(e)(2).

Defendants have provided evidence that, under DOC policy, the grievance procedure consists of four levels of review. Dkt. 37, Caldwell Decl., ¶ 8. All grievances are initially filed at Level 0. *Id*. At Level 0, the facility's "grievance coordinator pursues informal resolution, returns the complaint to the offender for rewriting, returns the complaint to the offender requesting additional information, or accepts the complaint and processes it as a formal grievance." *Id*. "Offenders have twenty working days from the date of an incident to file a grievance. An exception to this filing timeframe is allowed if there is a valid reason for the delay." *Id* at ¶ 9. If the grievance is accepted, it becomes a Level I grievance. *Id*. at ¶ 8. Once the grievance coordinator has made a determination as to the grievance, "[o]ffenders have five working days from the time they receive a response at Level I and II grievances to appeal." *Id*. at ¶ 9. If a grievance is found to

1    be "non-grievable," prisoners may still request review by the Grievance Program Manager. *Id*. at ¶

2    8.

3         The undisputed facts show that plaintiff was involved in a physical altercation with another

4    prisoner on July 28, 2016, and that several defendants were witnesses to the physical altercation.

5    *See* Dkt. 34, Frederick Decl., ¶¶ 7-8. Defendants have provided evidence that plaintiff filed a

6    grievance addressing the alleged assault and defendants' actions on September 6, 2016, stating in

7    its entirety: "I believe that Santos & Swaine failed to provide safety & security to me during the

8    ass[a]ult on me in July 2016." Dkt. 39-1, p. 2. Non-Party Baccetti denied the grievance, stating

9    "this is beyond grievance timeline – 20 working days," found plaintiff's grievance non-grievable,

10   and did not address plaintiff's grievance on its merits. *Id*. The record indicates that plaintiff did not

11   appeal this decision. However, plaintiff did file a second grievance, again addressing defendants'

12   response to the alleged assault. Dkt. 39-1, p. 5. Non-Party Baccetti again denied the grievance,

13   informing plaintiff that the grievance had been filed outside the 20-day timeframe, and again not

14   addressing plaintiff's grievance on the merits. *Id*. Plaintiff then filed a "rewrite" of that grievance,

15   which was again denied as falling outside the 20-day timeframe to file grievances and was not

16   addressed on the merits. *Id*. at p. 4. The undisputed facts indicate plaintiff also did not appeal that

17   decision. The undisputed facts also show that those were the only grievances addressing plaintiff's

18   claims raised in her complaint. *See* Dkt. 39, Baccetti Decl., ¶¶ 5-8.

19        Defendants' evidence also indicates that plaintiff was familiar with the grievance process.

20   The undisputed facts show that plaintiff filed 64 grievances between October 2010 and July 28,

21   2016, the date of the alleged incident in plaintiff's complaint. Dkt. 37, Caldwell Decl., ¶ 13.

22   Defendants' evidence also indicates that, though plaintiff waited until September 2016 to file a

23   grievance regarding the alleged July 2016 assault, she filed an unrelated grievance only two days

24

1   after the assault. Dkt. 39-1, pp. 7-8. She also filed a second unrelated grievance a week after that.

2   *Id*. at p. 10.

3       Here, plaintiff failed to exhaust her administrative remedies before filing her § 1983

4   action. Initially, her grievances were denied because they were filed outside the 20-day window to

5   file grievances. The Supreme Court has held that it is not enough that a prisoner file an untimely

6   grievance and thereby "exhaust" her available administrative remedies because she missed the

7   deadline and now has no further administrative options – rather, she must *properly* exhaust her

8   administrative remedies before filing her claims in federal court, including adhering to

9   administrative rules regarding the deadline for filing a grievance. *See Woodford*, 548 U.S. at 88. In

10  addition, though the option was available, plaintiff did not appeal the determination that her

11  grievances were untimely. Failure to fully exhaust each level of available administrative remedies

12  indicates plaintiff has not properly exhausted those administrative remedies. *Booth*, 532 U.S. at

13  736-41. Because the undisputed facts show plaintiff had access to the grievance process, because

14  plaintiff failed to appeal her grievances, and because plaintiff failed to properly file the grievances

15  within the administrative timeframe, plaintiff has not properly exhausted her administrative

16  remedies.

17      The burden now shifts to plaintiff, "who must show that there is something particular in

18  [her] case that made the existing and generally available remedies effectively unavailable to [her]

19  by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged,

20  inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015)

21  (quoting *Albino II*, 747 F.3d at 1172). The Supreme Court has held that there are three

22  circumstances in which an administrative remedy is not capable of potential relief:

23          First, an administrative procedure is unavailable when it operates as a simple dead
            end—with officers unable or consistently unwilling to provide any relief to

24

aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Ross v. Blake,* 136 S. Ct. 1850, 1853–1854 (2016).

Here, plaintiff has not shown that administrative remedies were unavailable to her. Indeed, plaintiff has failed to submit any response to plaintiff's motion for summary judgment or to submit any evidence suggesting she could not access the grievance system. To the contrary, the undisputed facts indicate that plaintiff was familiar with the grievance system and filed numerous grievances over the course of her incarceration, even filing an unrelated grievance only two days after the incident. *See* Dkt. 37, Caldwell Decl., ¶ 13.

Thus, the Court finds that plaintiff has failed to exhaust her administrative remedies as to any of her claims, and has not shown how she failed to exhaust her administrative remedies because they were unavailable to her. Therefore, the Court recommends defendants' motion for summary judgment (Dkt. 33) be granted and plaintiff's action be dismissed.

## II.    Eighth Amendment Deliberate Indifference and Qualified Immunity

Defendants also raise arguments as to the merits of plaintiff's Eighth Amendment claims, and argue that they are entitled to qualified immunity. However, the Court has already made a determination that, based on the undisputed facts, none of plaintiff's claims have been properly exhausted. Therefore, the Court declines to make a determination as to the merits of plaintiff's Eighth Amendment claims, and declines to make a determination as to defendants' qualified immunity at this time.

1

*IN FORMA PAUPERIS* STATUS ON APPEAL

2        If the Court adopts the undersigned's Report and Recommendation, leave to proceed *in*

3  *forma pauperis* for purposes of appeal may be denied if the appeal is frivolous or taken in bad

4  faith. *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); 28 U.S.C. § 1915(a)(3).

5  The undersigned recommends plaintiff be denied leave to proceed *in forma pauperis* for purpose

6  of appeal, because any appeal of the Court's order would be frivolous or taken in bad faith.

7

**CONCLUSION**

8        For the reasons set forth above, the Court recommends that defendants' motion for

9  summary judgment (Dkt. 33) be granted and plaintiff's action be dismissed.

10       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

11  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

12  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

13  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

14  of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

15  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

16  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 29,**

17  **2019** as noted in the caption.

18       Dated this 11th day of March, 2019.

19

20

21

22                                        J. Richard Creatura
                                          United States Magistrate Judge

23

24